UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS ROMERO, | No. 2:21-cv-0291 AC P |
| Petitioner, | |
| v. | ORDER |
| MARCUS POLLARD, WARDEN, | |
| Respondent. | |

Petitioner in this habeas corpus action has requested the appointment of counsel. ECF No. 13. In support of the motion, petitioner states that he is indigent. He also claims that "when a court issues an order to show cause, counsel must be appointed for an indigent petitioner." See id. at 2.

There currently exists no absolute right to appointment of counsel in federal habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

In the present case, petitioner's indigence does not warrant the appointment of counsel. See, e.g., Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion when it denied appointment of counsel to sixty-year old appellant proceeding in forma pauperis with no background in law who thoroughly presented issues in petition). Furthermore,

to the extent petitioner asserts that the appointment of counsel is required when the court issues an order to show cause (see ECF No. 13 at 2), that is not the case. First, a federal court's order that respondent answer the petition is not considered an "order to show cause" as it is in California state court. See Rule 5, Fed. R. Governing § 2254 Cases. Second, in federal habeas the appointment of counsel is only mandatory when an evidentiary hearing is ordered. Rule 8(c), Fed. R. Governing § 2254 Cases. The court's order directing an answer to the petition, ECF No. 10, does not trigger a right to an evidentiary hearing under federal law, and petitioner therefore is not entitled to appointment of counsel at this time.

For these reasons, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for the appointment of counsel (ECF No. 13) is DENIED without prejudice to a renewal of the motion at a later stage of the proceedings.

DATED: June 25, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE