UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS ROMERO, | No. 2:21-cv-0291 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| MARCUS POLLARD, WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks habeas relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent moved to dismiss the petition as wholly unexhausted. ECF No. 16. The motion is fully briefed. See ECF No. 26 (petitioner's opposition), ECF No. 27 (respondent's reply). Upon review, for the reasons explained below, the undersigned finds that respondent has failed to provide the record necessary for adjudication of the motion.

The exhaustion of state court remedies is a prerequisite to federal habeas relief. 28 U.S.C. § 2254(b)(1); Cullen v. Pinholster, 563 U.S. 170, 182 (2011); Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 275-76 (1971). Wholly unexhausted petitions must be dismissed. Mena v. Long, 813 F.3d 907 (9th Cir. 2016).

In this case, the petition indicates that petitioner seeks to challenge his 2019 conviction on

the same grounds that he raised on direct appeal.  See ECF No. 1 at 2 (issues on appeal), 5-8 (federal claims).  The petition is internally inconsistent as to exhaustion, stating both that petitioner did not seek further review after his appeal was denied in the California Court of Appeal, id. at 2, and that he did present his claims to the highest state court having jurisdiction, id. at 5.[1]

The motion to dismiss is extremely cursory, containing less than a page of points and authorities.  It asserts in a single conclusory sentence that petitioner filed neither a petition for review of his conviction nor a petition for writ of habeas corpus in the California Supreme Court.  ECF No. 16 at 2.  This assertion of fact is supported by no evidence.  The only document from the state court record that respondent has submitted in support of the motion is the opinion of the California Court of Appeal on direct review.  ECF No. 18-1.  This document does nothing to substantiate the assertion that petitioner failed to present his claims to the California Supreme Court.  The motion to dismiss is not supported by any state appellate briefs, docket reports, or other documentation in support of the non-exhaustion argument.  Counsel for respondent has not submitted a declaration detailing any search of state court records and attesting to the results.

In opposition to the motion, petitioner contends that he presented his claims to the California Supreme Court, and he attaches a copy of a letter he received from that court.  ECF No. 26 at 3.  The letter indicates that a petition for review was received in August 2021 and was being returned unfiled because the court no longer had jurisdiction to consider it.  Id.  Respondent argues in reply that the petition referenced in this letter cannot have exhausted the claims as a matter of law, because its presentation was defective.  ECF No. 27.  Even if respondent is correct on that point, however—a question that the court does not reach at this time—the reply is unaccompanied by any effort to document that the August 2020 petition was in fact petitioner's only submission to the California Supreme Court in relation to his conviction.

---

[1] This affirmative answer comes in response to questions about collateral relief, which petitioner elsewhere indicated he had not pursued.  In the court's experience, errors in completing the form petition are not uncommon, and some pro se petitioners misunderstand the information being sought.  This is one of the many reasons that it is necessary for a respondent asserting non-exhaustion to provide a complete state court record.

It is axiomatic that a moving party bears the burden of setting forth the basis for the relief sought. The undersigned is troubled by the absence of a more complete state court record or evidentiary basis for respondent's assertions about the procedural history of petitioner's case. In proceedings under § 2254, it is generally the respondent's burden to provide the court with the pertinent state court record.[2] Accordingly, although it may ultimately be petitioner's burden to establish exhaustion, respondent will be required to provide support for the factual assertions on which his motion rests. In the absence of a complete state court record, the undersigned cannot make the required findings based on unsupported, conclusory assertions about what petitioner did and did not do.

Accordingly, IT IS HEREBY ORDERED that:

1. The court REFRAINS from ruling on respondent's motion to dismiss (ECF No. 16) at this time, pending respondent's supplementation of the record;

2. Within twenty-one days of the date of this order, respondent shall supplement his motion to dismiss (ECF No. 16) with documentary or evidentiary support for the motion as specified above; and

3. Petitioner shall have thirty days from the date of service of respondent's supplemental materials to admit or deny the accuracy of the materials or information submitted by respondent. Petitioner's admissions and denials shall be filed with the court and served on respondent.

DATED: March 29, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] Respondent's obligation to provide the entire state court record has not been triggered because he filed a motion to dismiss instead of an answer. Nonetheless, something more than the appellate opinion is required to document failure to exhaust.

3