UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS ROMERO,<br><br>    Petitioner,<br><br>    v.<br><br>MARCUS POLLARD, WARDEN,<br><br>    Respondent. | No. 2:21-cv-0291 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Respondent has moved to dismiss the petition as containing only unexhausted claims. ECF No. 16.  For the reasons stated below, the undersigned will recommend that the motion be granted.

    I.    THE PETITION

    The habeas petition challenges petitioner's January 2019 conviction on three counts of robbery in violation of California Penal Code § 211, three counts of attempted robbery in violation of California Penal Code §§ 211 & 664, and one count of possession of a firearm, and the resulting sentence of sixteen years and eight months in prison.  ECF No. 1 at 1.  Petitioner alleges (1) that his prior Utah conviction does not qualify as a strike; (2) that his robberies were

not violent felonies; and (3) that the gun enhancement was unconstitutional. ECF No. 1 at 5-10.

The petition asserts that each of these claims was raised on direct appeal and was presented to the highest state court having jurisdiction. Id. at 5-10, 12. The petition also makes the contradictory representation that petitioner did not seek review by a state court higher than the California Court of Appeal. Id. at 2.

II. MOTION TO DISMISS

Respondent's motion to dismiss, ECF No. 16, contends that all claims are unexhausted because petitioner failed to file a petition for review or a petition for writ of habeas corpus in the California Supreme Court. In support of the motion, respondent initially provided a single document: the California Court of Appeal's May 8, 2020 opinion on direct review. ECF No. 18-1.

In opposition to dismissal, petitioner states that he filed a petition in the California Supreme Court on August 19, 2021, asking that court to review the judgment on appeal. ECF No. 26. He asserts that the petition was denied on August 26, 2021 for lack of jurisdiction, and contends that he accordingly completed the exhaustion process on that date. Id. at 1-2. Petitioner provides (1) an August 26, 2021 letter from the Clerk of the California Supreme Court to petitioner, stating that the petition for review was being returned unfiled because the court lost jurisdiction to act on any petition for review on July 7, 2020, and (2) the copy of the petition for review that was returned to petitioner stamped "RECEIVED AUG 25 2021." Id. at 3, 4.

In reply, Respondent argues that because the California Supreme Court lacked jurisdiction and did not accept the petition for filing, the claims were not properly presented to that court. ECF No. 27 at 1-2.

In order to ensure an accurate and comprehensive understanding of the pertinent procedural history, the undersigned directed respondent to supplement the state court record. ECF No. 28. Specifically, the undersigned sought copies of state court docket reports and/or a declaration attesting that diligent review of the state appellate docketing systems had been conducted and had had yielded no records indicating that petitioner had timely filed either a petition for review or a habeas petition in the California Supreme Court. See id. In response,

1  counsel for respondent submitted "a printout showing the result given when Petitioner's name is
2  used to search the California Supreme Court's public database for records."  ECF No. 29 at 2; see
3  ECF No. 29-1.  The printout itself does not identify the name entered in the database search; it
4  shows negative results.  ECF No. 29-1.

5       IV.    APPLICABLE LAW

6       The exhaustion of state court remedies is a prerequisite to the granting of a petition for
7  writ of habeas corpus.  28 U.S.C. § 2254(b)(1); Cullen v. Pinholster, 563 U.S. 170, 182 (2011);
8  Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc).  Although non-exhaustion of
9  remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state
10 judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S.
11 200, 218-19 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963);
12 Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

13      A petitioner satisfies the exhaustion requirement by providing the highest state court with
14 a full and fair opportunity to consider all claims before presenting them to the federal court.
15 Picard v. Connor, 404 U.S. 270, 275-76 (1971); Poyson v. Ryan, 879 F.3d 875, 894 (9th Cir.
16 2018).  A claim is not fairly presented if it is raised "in a procedural context in which its merits
17 will not be considered."  Castille v. Peoples, 489 U.S. 346, 351 (1989); see also Roettgen v.
18 Copeland, 33 F.3d 36, 38 (9th Cir. 1994).  In the alternative, a petitioner can satisfy the
19 exhaustion requirement by showing that no state remedies remain available.  Insyxiengmay v.
20 Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (citation omitted); Kellotat v. Cupp, 719 F.2d 1027,
21 1029 (9th Cir. 1983).

22      Wholly unexhausted petitions must be dismissed.  Raspberry v. Garcia, 448 F.3d 1150,
23 1154 (9th Cir. 2006); Mena v. Long, 813 F.3d 907 (9th Cir. 2016).

24      V.    DISCUSSION

25      Because the California Supreme Court never considered—and was never provided a full
26 and fair opportunity to consider—the substance of petitioners claims for relief, those claims are
27 unexhausted and cannot be reviewed in this court.  Petitioner has identified no order of the
28 California Supreme Court reflecting its consideration of his claims or of a request to review the

judgment of the intermediate court of appeals.  The court accepts the representation of counsel for respondent that no challenges to petitioner's conviction and sentence were ever filed in the California Supreme Court.[1]

Petitioner is incorrect in his assertion that the August 2021 rejection of his petition for review by the California Supreme Court had the effect of exhausting his state court remedies.  The "fair presentation" requirement means, among other things, that claims must be presented in accordance with state procedural requirements for consideration on the merits.  See Castille, 489 U.S. at 351; Powell v. Lambert, 357 F.3d 871, 874 (9th Cir. 2004) ("In presenting his claims to the state court, a petitioner must comply with state procedural rules.").  Under California law, a petition for review must be filed in the supreme court within a year after the intermediate appellate court decision at issue.  After that, the California Supreme Court lacks jurisdiction to even consider whether to review the judgment on appeal.

Petitioner's attempted filing was rejected by the Clerk of the California Supreme Court because that court had no authority to consider it.  The petition for review was neither docketed nor considered by the Court its.  The attempted submission of claims to a court that lacks jurisdiction to consider them cannot constitute "fair presentation" within the meaning of the exhaustion requirement.[2]

////

////

---

[1] A simple declaration of counsel regarding the docket search conducted is sufficient to the court's needs for completeness of the pertinent state court record, and would best support the negative results printout provided in response to the order issued in this case for supplementation of that record.

[2] Other district courts have reached the same conclusion.  See Solis v. Beard, 2015 U.S. Dist. LEXIS 90694 at *6, 2015 WL 13918982 (C.D. Cal. Jul 13, 2015) (presentation through untimely petition for review does not exhaust claims); Trujillo v. Stainer, 2012 U.S. Dist. LEXIS 128572 at *11, 2012 WL 3962553 (E.D. Cal. Sept. 10, 2012) (same);  Davis v. Adams, 2010 U.S. Dist. LEXIS 33865 at *2, 2010 WL 1408290 (C. D. Cal. March 3, 2010) (same); Rojas v. Vasquez, 2009 U.S. Dist. LEXIS 132473 at *3, 2009 WL 506478 (C.D. Cal. Feb. 24, 2009) (same); Davis v. Evans, 2009 U.S. Dist. LEXIS 67847, 2009 WL 2390849 (C.D. Cal. Aug. 3, 2009) (same); Lujan v. Davis, 2008 U.S. Dist. LEXIS 107796 at *2, 2008 WL 783366 (N.D. Cal. March 25, 2008) (same); Stephenson v. Campbell, 2005 U.S. Dist. LEXIS 39884 at *1, 2005 WL 3500606 (E.D. Cal. Dec. 20, 2005) (same).

Because petitioner's claims were not fairly presented to the California Supreme Court, they are not exhausted. Because they are not exhausted, they cannot provide a basis for federal habeas relief. See 28 U.S.C. § § 2254(b)(1)(A). Accordingly, dismissal is required.

## VI.   PLAIN ENGLISH SUMMARY FOR PRO SE PLAINTIFF

Before filing a federal habeas petition, a convicted person needs to "exhaust" all claims in state court. That means taking the claims all the way up to the California Supreme Court, following state rules and deadlines for consideration of the claims by the California Supreme Court. The petition for review that you submitted was not even filed, let alone considered by the justices, because it was so late that the Court had no jurisdiction to look at it. Your petition was not "denied," it was returned to you by the Clerk. That is not the same thing as denial by the Court, and it does not satisfy the exhaustion requirement. For that reason, the magistrate judge is recommending that the district judge grant the motion to dismiss and close your case.

## CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be GRANTED, and

2. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2022

_allison claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE